UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WEB SERVICES INC., a corporation
and
HARRISON UHL III, an individual,

Plaintiffs,

vs.

OVERSTOCK.COM, INC., a corporation,

Defendant.

NO. 06-CV-1775 (MLC)

PLAINTIFFS' ANSWER TO
DEFENDANT'S COUNTERCLAIM
AND PLAINTIFFS' COUNTERCLAIM
TO DEFENDANT'S COUNTERCLAIM

RECEIVED
JUN 1 4 2006
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

24. Admitted.

25. Admitted.

26. Admitted.

27. In response to the allegations contained in paragraph 27 of Defendant's counterclaim, Plaintiffs admit that Defendant brings its counterclaim under title 15 U.S.C. §1051 et seq., 15 U.S.C. §1121, 28 U.S.C. §1338(a) and 28 U.S.C. §1338(b), Plaintiffs deny any wrongdoing on their behalf under any of the above described laws.

28. Plaintiffs aver that venue lies within the District of New Jersey, as Plaintiffs' Complaint is already filed within this Judicial District. Plaintiffs deny that they have committed any acts of unfair competition and infringement within this District or elsewhere.

## FACTS

29. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore deny same.

30. Admitted in part and denied in part. It is admitted that customers and potential customers throughout the United States, in the State of New Jersey and elsewhere in interstate commerce distinguish similar businesses of others from that of "Overstock.com". It is denied that Defendant's mark has become well known throughout the United States, in the State of New Jersey and elsewhere in interstate commerce. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth to of the remainder of the allegations contained in paragraph 30 and therefore deny same.

31. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore deny same.

32. Denied. On the contrary, Defendant's use of the mark in the Internet retail industry has not been substantially exclusive. It is further denied that there is substantial recognition and association of the mark with "Overstock.com" by the consuming public for high quality merchandise at deep discounts.

33. Admitted that "Overstock.com" is a registered trademark. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 33, and therefore denies same.

34. Admitted that the domain name "Overstocks.com" was registered in 1996 by Plaintiffs. It is further admitted that Overstocks.com has continued to do business selling advertising space to various commercial entities. The remainder of Defendant's averments are denied insofar as Plaintiffs continued to plan and prepare for their marketing/advertising utilization of the domain name "Overstocks.com" and have been utilizing same with real content, in good faith in a method not violative of the rights of any other person or entity.

35. Admitted in part and denied in part. It is admitted that on July 12, 2005 and April 4, 2006, Defendant sent letters to Plaintiffs demanding that Plaintiffs cease and desist from using Plaintiffs' domain name. Plaintiffs responded (by counsel) to Defendant's July 12, 2005 correspondence on August 3, 2005 but Defendant ignored said correspondence. It is denied that Plaintiffs have ever used a "false mark" or that Plaintiffs have ever advertised or represented to retail consumers an affiliation with "Overstock.com."

36. Denied. On the contrary, Plaintiffs are not intentionally using a mark confusingly similar to the "Overstock.com" mark; Plaintiffs are using their own domain name which was registered years before Defendant registered its own mark.

37. Admitted in part and denied in part. It is admitted that Defendant has demanded that Plaintiffs cease and desist from using Plaintiffs' mark which Defendant avers is similar to Defendant's mark. Plaintiffs deny that their mark is confusingly similar to Defendant's mark. The remainder of Defendant's allegation is argument based upon an incorrect legal premise and is therefore denied.

## COUNT I:
## TRADEMARK INFRINGEMENT

38. Plaintiffs incorporate by reference their answers to the foregoing paragraphs as if they were fully set forth below.

39. Denied. On the contrary, Plaintiffs' business is not an online liquidation business nor is it a colorable imitation of Defendant's mark. On the contrary, Plaintiffs' business is an advertising venue for which Plaintiffs prepared an extensive period of time. As Plaintiffs registered their mark prior to Defendant's registration of its own mark, it is denied that Plaintiffs designed their mark to have a connotation similar to Defendant's mark. It is specifically denied that Plaintiffs are engaging in a similar business to that of Defendant

or that Plaintiffs are affiliated with Defendant or are doing so through the same channels of trade or to similar consumers. It is further denied that Plaintiffs' mark is confusingly similar to Defendant's mark, and further denied that Plaintiffs are in any way violating 15 U.S.C. §1114.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT II:
## VIOLATION OF THE LANHAM ACT BY UNFAIR COMPETITION

47. Plaintiffs incorporate by reference their answer to the foregoing paragraphs as if they were fully set forth below.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT III:
## VIOLATION OF THE LANHAM ACT BY DILUTION

52. Plaintiffs incorporate by reference their answer to the foregoing paragraphs as if they were fully set forth below.

53. Denied.

54. Denied.

55. Denied.

## COUNT IV:
## VIOLATION OF THE ANTI-CYBERSQUATTING ACT

56 Plaintiffs incorporate by reference their answer to the foregoing paragraphs as if they were fully set forth below.

57. Denied. On the contrary, Plaintiffs owned the domain name registration for "Overstocks.com" from 1996 through the present. Plaintiffs leased the use of the domain name for a period of time. The remainder of Defendant's allegation is denied.

58. Denied.

59. Denied.

60. Denied.

## CONCLUSION AND REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court deny Defendant's requests for: a) permanent injunction or for any further relief; b) that the Court order Plaintiffs to perform any actions harming Plaintiffs' business and c) for Judgment for Damages and/or costs and/or attorney's fees.

## PLAINTIFFS' COUNTERCLAIM TO DEFENDANT'S COUNTERCLAIM

61. Defendant's registrations of its trademark "Overstock.com" should be revoked for, inter alia, the following reasons:

    (a) "Overstock.com" is a generic term and/or the combination of a generic term "overstock," coupled with a ".com" suffix, which, when added to the generic term

"overstock," does not afford trademark protection to the generic term or to the combination.

(b) Defendant's use of the term "Overstock.com" is generic and, since it is of a generic nature, is unprotectable against infringement.

(c) Defendant made false and misleading statements (by commission or omission) to the Trademark Office which statements were known or should have been known to defendant at the time of its application for trademark protection.

(d) Defendant committed fraud and misrepresentation upon the Trademark Office in Defendant's statement of use of the defendant's mark.

(e) Defendant committed fraud and misrepresentation upon the Trademark Office in September 2003 when Defendant stated on its new application for Defendant's mark that its mark was in active use in commerce, as registered.

(f) Defendant committed fraud and misrepresentation upon the Trademark Office in September 2003 by deliberately omitting that Defendant's principal or predominant use of its mark was for direct sales of goods (and not for store services relating to those goods) when Defendant knew or should have known of its use of its mark and f the consequences of such an admission.

(g) Defendant's use of its mark is a different use from that in defendant's application for trademark protection.

(h) Defendant's does not have valid ownership of the mark "Overstock.com."

(i) Defendant's trademark is invalid due to naked licensing.

(j) Defendant's trademark is invalid due to a naked transfer.

6

    (k) Defendant's trademark registration is issued for store services and does not cover direct sales.

62. Defendant's use of its trademark "Overstock.com" for direct sales of goods offers no direct protection for direct sales as defendant's trademark was issued as a service mark for store services.

63. Defendant's action is an illegal and wrongful attempt to claim greater protection for its mark than as registered.

64. Defendant allowed any protection afforded by its trademark to lapse by acquiescence.

65. Defendant abandoned any protection afforded by its mark.

66. Plaintiffs' use of their mark "Overstock.com" is not in violation of any law.

67. Plaintiffs' relevant activity is not commercial speech and does not infringe on any protection afforded to Defendant by its mark.

68. Plaintiffs' use of its mark is in a generic fashion and is consistent with the generic meaning of the generic term.

69. Plaintiffs' activities fall within several "safe harbors" and do not infringe upon any protection afforded Defendant by its mark.

70. Plaintiffs' activities fall within "fair use" of the terms "overstock" and "overstocks" and do not infringe upon any protection afforded defendant by its mark.

## DEMAND FOR TRIAL BY JURY

Plaintiffs have no objection to Defendant's demand for trial by Jury.

## CONCLUSION AND REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court determine that Defendant's registration(s) of "overstock.com" is/are invalid and that the Court Order that said trademark registration(s) revoked.

Respectfully submitted,

**BRUCE G. CASSIDY & ASSOC., P.A.**

Dated: **June 12, 2006**    By: _____
Bruce G. Cassidy
353 Nassau Street
Princeton, New Jersey 08540
Phone: (609) 252-9800
Fax:   (609) 252-9111
Email: BGCLaw@aol.com

Attorneys for Plaintiffs WEB SERVICES, INC. and HARRISON UHL, III